## Case No. 15,509.

### UNITED STATES v. KEEFE.

[3 Mason, 475.] 1

Circuit Court, D. Massachusetts. Oct. Term. 1824.

SEAMEN—ENDEAVOR TO MAKE REVOLT—JURISDICTION—INDICTMENT.

1. An endeavour to commit a revolt is an offence within the 12th section of the act of 1790, c. 9 [1 Stat. 115], if committed in a foreign port. The section does not confine the penalty to cases on the high seas.

[Cited in Ex parte Byers, 32 Fed. 407.]

2. If in an indictment for an endeavour to commit a revolt, it is averred to be on the high seas, the allegation is not material to be proved; and if the offence is proved to have been committed in a foreign port, it is sufficient.

[Cited in U. S. v. Seagrist, Case No. 16,245.]

Indictment [against Michael Keefe] for an endeavour to commit a revolt on the high seas on board of the brig Prudent, Ellis master. Upon the trial it appeared, that the offence, if committed at all. was committed on board the brig Prudent, while lying in a foreign port; and the question was made, whether under these circumstances the indictment could be maintained.

1 [Reported by William P. Mason, Esq.]

Mr. Blake, for the United States, cited [U. S. v. Bevans] 3 Wheat. [16 U. S.] 387; [U. S. v. Wiltberger] 5 Wheat. [18 U. S.] 76, 103; U. S. v. Smith [Case No. 16,337]; U. S. v. Hamilton [Id. 15,291].

STORY, Circuit Justice. The present indictment is founded on the 12th section of the crimes act of the 30th of April, 1790 (chapter 9). My opinion is, that it is not necessary to prove that the offence was committed on the high seas in order to bring the case within the reach of that section. It is true, that in the first part of that section certain offences are enumerated, having reference to the high seas. But the clause, on which the present indictment is founded, is a separate and substantial clause, and contains no reference whatsoever to any place, where the offence may be committed. The words are, "or if any seaman shall confine the master of any ship or other vessel, or endeavour to make a revolt in such ship," he shall be liable to the punishment prescribed by the act. Now both of these offences may be committed as well in port as at sea; and the mischiefs may be the same in either place. The words of the statute therefore being general and without any limitation, and the competency of congress to punish such offences as well in port as at sea, not being in doubt, I can perceive no reason for interposing a limitation, where the act has fixed none.

It is true, that the indictment lays the offence to have been committed on the high seas; but unless the jurisdiction is limited to the high seas, that allegation is in this case immaterial. If indeed the offence had been committed in a domestic port, it might have been material, with reference to the jurisdiction, to have averred the place where it was committed; for the offence would then have been triable in the district, wherein it was committed. But whether the offence be committed on the high seas or in a foreign port the jurisdiction equally attaches to this court. The act of congress has provided, "that the trial of crimes committed on the high seas, or in any place out of the jurisdiction of any particular state (meaning any of the United States), shall be in the district where the offender is apprehended, or into which he may first be brought." Act 1790, c. 9, § 8. It is no more necessary to prove, that this offence was committed on the high seas, than in a case of theft, it could be necessary at common law to prove it was committed in the very township, in which it is laid in the indictment. 1 Chit. Cr. Law, 200. See, also, Rex v. Athos, 8 Mod. 137, 141. It is sufficient, if proved to be done any where within the county (where alone it is triable), for then it is within the general jurisdiction of the court, which is all the law requires.

The question, as to the construction of this section of the statute, has already been decided by this court, in U. S. v. Hamilton [Case No. 15,291]. And the other point, as to the proof under the indictment, has been decided in the same way by the circuit court of the United States in Pennsylvania, —U. S. v. Smith, Whart. Dig. [Id. 16,345].